**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>LEONARD MANUEL VILCHES,<br><br>    Defendant.<br>                                       / | No. CR 98-0100 SI<br><br>**ORDER DENYING DEFENDANT VILCHES' MOTION FOR MODIFICATION OF SENTENCE** |

Currently before the Court is defendant's motion for modification of his sentence pursuant to 18 U.S.C. § 3582(c) and Amendment 599 of the Sentencing Guidelines. The Court decided the matter without oral argument. For the reasons set forth below, the Court DENIES defendant's motion.

**BACKGROUND**

Defendant Leonard Manuel Vilches was a co-defendant charged with multiple armed and unarmed bank robberies. Defendant was first charged by the government on May 13, 1998 in an eight-count indictment. On January 7, 1999, the United States filed a six-count Superseding Information against defendant. The Superseding Information charged the following: four counts of armed bank robbery and aiding and abetting, in violation of 18 U.S.C § 2113(a) and (d) (Counts 1, 2, 3, and 4); one count of using a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1) (Count 5); and one count of conspiracy to commit armed bank robbery, in violation of 18 U.S.C. § 371 (Count 6). On January 7, 1999, defendant pled guilty to all Counts.

On May 11, 1999, this Court sentenced Vilches to 211 months in prison for the armed and unarmed bank robberies. The Court explicitly adopted the factual findings and guideline application

in defendant's presentence report ("PSR"). Following the U.S. Sentencing Guidelines ("USSG"), Reynosa's PSR set out the following offense-level computations for each count:

**Counts 1 and 3**
| | |
|---|---|
| Base Offense Level: | 20 |
| Theft from Financial Institution: | 2 |
| Used a Firearm: | 6 |
| Physically Restrained a Person: | 2 |
| Loss Exceeded $10,000: | 1 |

**Count 2**
| | |
|---|---|
| Base Offense Level: | 20 |
| Theft from Financial Institution: | 2 |
| Brandished, Displayed, or Possessed Firearm: | 5 |
| Physically Restrained a Person: | 2 |
| Loss Exceeded $10,000: | 1 |

**Count 4[1]**
| | |
|---|---|
| Base Offense Level: | 20 |
| Theft from Financial Institution: | 2 |
| Physically Restrained a Person: | 2 |
| Loss Exceeded $50,000: | 2 |

In computing the offense levels of Counts 1 through 4, the PSR refers to USSG § 3D1.2, comment, note 4, and provides that "when one count charges a conspiracy and the other charges a substantive offense that was the sole object of the conspiracy, the counts will be grouped together under subsection (b)." PSR ¶¶ 20, 29, 38, & 47. Accordingly, the PSR groups Count 6, the Conspiracy Count, with each of Counts 1 through 4. For Count 5, the PSR suggests a mandatory minimum of five years imprisonment to run consecutive to any other sentence imposed by the Court, as required by 18 U.S.C. § 924(c). Referring to USSG § 2K2.4, comment, note 2, the PSR provides: "where a sentence under this section is imposed in conjunction with a sentence for an underlying offense (e.g., § 2B3.1-Robbery), any specific offense characteristic for the possession of a firearm is not to be applied in respect to the guideline for the underline offense." PSR ¶ 55. Accordingly, because Count 5 relied on the bank robbery at issue in Count 4, the PSR did not add points to Count 4 for using, brandishing, displaying, or possessing a firearm. PSR ¶ 54.

---

[1] The PSR did not add any points for using, brandishing, displaying, or possessing a firearm to Count 4.

2

Based on the PSR, the Court sentenced defendant to a term of 151 months as to Counts 1-4 to run concurrently, and 60 months as to Count 5, to run consecutively to the abovementioned Counts, for a total of 211 months.

**DISCUSSION**

Defendant argues that according to Amendment 599 of USSG § 2K2.4, a weapon enhancement was improperly applied to his sentence, causing a double counting. Defendant therefore seeks to modify his imprisonment term.

Impermissible double counting occurs when one part of the USSG is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by the application of another part of the USSG. *See United States v. Romero*, 293 F.3d 1120, 1123 (9th Cir. 2002). Effective November 1, 2000, the Sentencing Commission adopted Amendment 599, an explicitly retroactive amendment that modified the Guidelines applicable to § 924(c) offenses. *See* USSG § 2K2.4, cmt. n. 2 (2000); USSG § 1B1.10(a) & (c); *United States v. Hicks*, 472 F.3d 1167, 1169 (9th Cir. 2007). Amendment 599 was enacted "to *clarify* under what circumstances defendants sentenced for violations of 18 U.S.C. 924(c) in conjunction with convictions for other offenses may receive weapon enhancements contained in the guidelines for those other offenses." USSG § 2K2.4, cmt. n. 2 (2000) (emphasis added); *see also United States v. Pringle*, 350 F.3d 1172, 1176 (11th Cir. 2003). The amended application note states:

> If a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense [i.e., armed robbery], do not apply any specific offense characteristic for possession, brandishing, use, or discharge of [a firearm] when determining the sentence for the underlying offense. A sentence under this guideline accounts for any . . . weapon enhancement for the underlying offense of conviction, including any such enhancement that would apply based on conduct for which the defendant is accountable under § 1B1.3 . . . However, if a defendant is convicted of two armed bank robberies, but is convicted under 18 U.S.C. § 924(c) in connection with only one of the robberies, a *weapon enhancement would apply to the bank robbery which was not the basis for the 18 U.S.C. § 924(c) conviction.*

USSG § 2K2.4, cmt. n. 2, amend. 599 (2000) (emphasis added). Thus, under Amendment 599, in relation to convictions for 18 U.S.C. §§ 2113(a) & (d) and 924(c), impermissible double counting occurs when a district court adds a weapon enhancement to a defendant's base offense level of the § 2113(a),

3

(d) conviction, in addition to the five-year consecutive prison sentence for the § 924(c) conviction. *See United States v. Hickey*, 280 F.3d 65, 68 (1st Cir. 2002) (holding that because appellee did not receive an enhancement of his underlying offense when he was sentenced and his sentence under § 924(c) had nothing to do with any co-defendants' relevant conduct, Amendment 599 is inapplicable).

Amendment 599 has no impact on defendant's sentence because this Court did not apply a weapons enhancement to Count 4, the offense underlying the § 924(c) conviction. At defendant's sentencing hearing, the Court specifically did not apply the applicable weapon enhancement to Count 4 because the conduct of using the firearm was captured in his § 924(c) conviction under Count 5. The Court did impose a six-level upward adjustment on the offense level for Count 1 and a five-level upward adjustment on Counts 2 and 3, but those counts related to different bank robberies that were not the offenses underlying the § 924(c) conviction. For this reason, application of Amendment 599 would not have affected the weapons enhancement for defendant's other counts. *See* USSG § 2K2.4, cmt. n. 2 (2000); *see also United States v. Park*, 167 F.3d 1258, 1261 (9th Cir. 1999); *United States v. Pringle*, 350 F.3d 1172, 1176 (11th Cir. 2003). Thus, impermissible double counting did not occur in this case and defendant's consecutive sentences did not implicate Amendment 599. Accordingly, the Court DENIES defendant's motion.

## CONCLUSION

For the foregoing reasons, the Court DENIES defendant's motion for modification of his sentence [Docket No. 132].

**IT IS SO ORDERED.**

Dated: April 14, 2008

SUSAN ILLSTON
United States District Judge

4